UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JACKSON OCTAVIEN,
Petitioner,
v.
CHRISTOPHER LAROSE, et al.
Respondents.

Case No.: 26-cv-5616-BJC-JAC

**ORDER GRANTING PETITION FOR HABEAS CORPUS**

**[ECF Nos. 1, 4-5]**

On September 30, 2026, Petitioner Jackson Octavian filed a Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1. On October 8, 2026, Respondents filed a Return, ECF No. 4, to which Petitioner filed a Traverse on the same day. ECF No. 5. For the reasons set forth below, the Court **GRANTS** the Petition (ECF No. 1) and orders Petitioner's immediate release.

## I. <u>BACKGROUND</u>

Petitioner, a Haiti national and citizen, entered the United States on February 12, 2024, where he was processed by the Department of Homeland Security ("DHS") and paroled into the United States on the same day. ECF No. 1 at ¶ 26; *see also* ECF No. 5 at

5 ("Petitioner was previously released on parole under 8 U.S.C. § 1182(d)(5)"). During his parole, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal, with United States Citizenship and Immigration Services ("USCIS"), who issued a receipt notice confirming that Petitioner's application was received on January 31, 2025. ECF No. 1 at ¶¶ 28. USCIS thereafter approved and issued Petitioner's employment authorization, which is valid from August 26, 2025 through August 25, 2030. *Id.* at ¶¶ 29–30. There is no indication that Petitioner's parole expired or was otherwise terminated by the government. *See* ECF No. 4 at 2 ("Respondents have insufficient information regarding termination of that parole"); ECF No. 5 at 3 ("Respondents expressly acknowledge that Petitioner was previously released on parole," but "[t]he Return does not establish how or when Petitioner's parole was terminated")

On September 15, 2026, Immigration and Customs Enforcement ("ICE") officers arrested and detained Petitioner in a shopping-center parking lot in San Diego, California. ECF No. 1 at ¶ 32. Petitioner alleges that he was provided no advanced notice that ICE intended to detain him and no meaningful opportunity to contest the re-detention prior to his arrest. *Id.* at ¶¶ 33, 35. Petitioner remains detained at the Otay Mesa Detention Center. *Id.* at ¶ 35. He has not received a bond hearing. ECF No. 4 at 2–3, n.3 (admitting Petitioner has not received a bond hearing based on the "the government's position that Petitioner is subject to mandatory detention under § 1225(b)(2)").

On September 30, 2026, Petitioner filed this pending Petition, asserting two claims. *See* ECF No. 1. First, Petitioner contends that Respondents violated the Due Process Clause by detaining him while he was lawfully paroled in the United States without constitutionally adequate pre-deprivation process. *Id.* at ¶¶ 52–58. Second, Petitioner alleges that, in detaining him, Respondents' actions were arbitrary and capricious and contrary to the Administrative Procedure Act ("APA"). *Id.* at ¶¶ 59–66. Petitioner argues that his detention is unlawful and requests his immediate release. *See id.* at ¶¶ 11, 58.

On October 8, 2026, Respondents filed a Return, in which they concede that "Petitioner was previously released from immigration custody on parole" and that they

"have insufficient information regarding termination of that parole, pursuant to 8 C.F.R. § 212.5(e)(2), to provide to the Court." ECF No. 4 at 2. However, despite acknowledging that this Court has previously found 8 U.S.C. § 1226 applies to detained noncitizens who were previously granted parole, Respondents contend that it is the "government's position that Petitioner is subject to mandatory detention under § 1225(b)(2)." *Id.* Nonetheless, Respondents claim that "the government does not oppose the petition and defers to the Court on the appropriate relief." *Id.* at 3. On October 8, 2026, Petitioner filed a Traverse and argues that Respondents, in acknowledging that they have "insufficient information regarding termination of [Petitioner's] parole," also, in turn, admit that they could not identify any written notice terminating Petitioner's parole, an opportunity for Petitioner to contest his return to custody, or an individualized determination before a neutral decisionmaker whether termination of his parole or re-detention was warranted. *See* ECF No. 5 at 4–5.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

## III. DISCUSSION

The Fifth Amendment guarantees that "[n]o person shall be … deprived of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. This right extends to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 681 (2001); *see,*

*e.g.*, *Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."). Accordingly, once a noncitizen has "passed through our gates," they "may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law" occur. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953). Due Process proceedings generally "require[] some kind of hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original); *see also Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process").

Respondents do not contest that Petitioner "passed through [the] gates" on February 12, 2024, when he received parole and then entered the United States. ECF No. 1 at ¶ 26; ECF No. 4 at 2. Nonetheless, Respondents, in a footnote, quote language from § 1182(d)(5)(A), the statute under which Petitioner was granted parole, for support that Petitioner's detention is proper under 8 U.S.C. § 1225 because his parole is only "temporar[y]," "not regarded as an admission," and subject to termination "when the purposes of such parole … have been served[.]" ECF No. 4 at 2, n.1. The Court disagrees. The law is clear that noncitizens *already* in the interior of the United States are subject to 8 U.S.C. § 1226—not 8 U.S.C. § 1225. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) (Section 1226 "applies to [noncitizens] already present in the United States"); *see also Rodriguez Vasquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026) (concluding that "§ 1225(b)(2)(A) … is best construed as applying to [noncitizens] entering the United States at the border," whereas "Section 1226, by contrast, is best understood as governing inadmissible and deportable [noncitizens] present in the interior of the United States"). This includes applicants granted humanitarian parole under § 1182(d)(5)(A). *See, e.g.*, *Maurice v. Mullin*, 2026 WL 3270023, at *2 (S.D. Cal. Oct. 30, 2026) (finding that, "while a noncitizen may not be deemed admitted in the United States pursuant to § 1182(d)(5)(A), the noncitizen is not necessarily subject to mandatory detention") (citing *Noori v. LaRose*,

807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025)).

Here, the government's decision to release Petitioner from custody on parole created, at that time, "'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [he] fail[s] to live up to the … conditions [of release].'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Petitioner relied upon this promise for over two years. *See* ECF No. 1 at ¶ 26. During this time, Petitioner's liberty interest has only strengthened, "crystaliz[ing] into a substantial private interest" that entitles him to due process. *Valera Chuquillanqui v. Kaiser*, 2025 WL 4110424, at *7 (N.D. Cal. Oct. 2, 2025); *see also Noori*, 807 F. Supp. 3d at 1164 (finding petitioner who had been granted parole was "not an 'arriving' noncitizen but one that has [been] present in our country for over a year" and that "[t]his substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal"). Despite this interest, Petitioner was arrested and detained by ICE officers without any indication that his parole was revoked and without any notice or an opportunity to be heard. *See* ECF No. 4 at 2 ("Respondents have insufficient information regarding termination of that parole"); ECF No. 5 at 5 ("Respondents identify no written notice terminating Petitioner's parole, no opportunity to contest his return to custody, and no individualized determination before a neutral decisionmaker that re-detention was warranted.").[1]

Petitioner contends that Respondents violated his due process rights by detaining

[1] The Court notes that, "to meet statutory and regulatory requirements, revocation should only occur when (1) the parole's purpose is served or (2) when humanitarian reasons and public benefit are no longer warranted, *and* the noncitizen is provided written notice." *Noori*, 807 F. Supp. 3d at 1167 (emphasis in original) (citing *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1144–46 (D. Or. 2025)); *see also* 8 C.F.R. § 212.5(e). Simply put, to properly revoke humanitarian parole, Petitioner is "entitled to notice of the reasons for revocation of his parole and a hearing before an immigration judge to determine whether detention is warranted"—*i.e.*, due process—prior to termination. *Perez v. LaRose*, 2025 WL 3171742, at *4 (S.D. Cal. Nov. 13, 2025). Respondents failed to demonstrate that any

him without any constitutional process and requests immediate release. ECF No. 1 at ¶¶ 52–58; ECF No. 5 at 3–4, 6-10. Respondents do not dispute Petitioner's due process claim or his requested relief. ECF No. 4 at 3 ("[T]he government does not oppose the petition and defers to the Court on the appropriate relief."). The Court finds that Petitioner's due process rights were violated when he was detained without notice or an opportunity to be heard.

Accordingly, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and orders the following:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his pre-existing parole;[2]
2. Respondents are **ENJOINED AND RESTRAINED** from detaining Petitioner unless Petitioner is provided with notice of the reasons for revocation of parole and a hearing to determine whether detention is warranted.

The Clerk of the Court shall close this matter.

**IT IS SO ORDERED**.

Dated: November 12, 2026

Honorable Benjamin J. Cheeks
United States District Judge

---

of the conditions under 8 C.F.R. § 212.5(e) occurred or that Petitioner received any process before his parole was revoked. Based on Respondents' briefing, the Court, therefore, has no reason to find that Petitioner's parole was revoked or otherwise terminated or that Petitioner's detention should be subject to Section 1225 instead of Section 1226.

[2] After a review of Petitioner's claims, the Court finds that Petitioner's APA argument—that Respondents acted arbitrarily and capriciously—in this context, stems from the alleged Due Process violation. Accordingly, the Court finds that it need not separately address Petitioner's APA claim given the Court's conclusion that Respondents' failure to afford Petitioner due process calls for his immediate release